JESSE B. PALMER & others *vs.* HENRY J. EVERETT & others.

If one who has been arrested on mesne process, under *St.* 1857, *c.* 141, and is before a mag-
istrate for examination upon his application to take the oath for the relief of poor debtors,
enters into a recognizance with condition to appear at an adjourned hearing, and thence
from day to day, submitting himself to examination and making no default, and to abide
the final order of the magistrate thereon, the recognizance is discharged by the service
upon the magistrate of an injunction, procured by the creditors, prohibiting all further
proceedings by him in the case.

MERRICK, J.   This action is brought upon a recognizance
entered into by Henry J. Everett as principal, and by the other
defendants as his sureties.   The said Everett, having been ar-
rested and being held in custody upon mesne process at the suit
of the present plaintiffs, desired to take the oath for the relief
of poor debtors.   At his request, notice of the time and place
fixed for that purpose was issued by G. A. W. Chamberlain, a
master in chancery for the county of Norfolk, and was duly
served upon the creditors.   At the time and place specified all
the parties appeared, and the examination of the debtor concern-
ing his estate and effects was commenced, and some progress
was made in it, when it was ascertained that it would be neces-
sary to adjourn to a future day to complete it.   It was pending
this examination that, in pursuance of the provisions of *St.* 1857,
*c.* 141, § 10, the recognizance was accepted.   The condition of
it required that the said Everett should appear at the time to
which the then present hearing should be adjourned, should
thence from day to day submit himself to examination, should
make no default, and should abide the final order of the magis-
trate.   Upon the facts admitted by the parties, it is very clear
that there has been no breach of this condition.   The debtor
duly appeared at the time and place of the adjournment, and
submitted himself to examination.   It was at this juncture that
the plaintiffs caused a writ of injunction, which they had pro-
cured under an order of this court upon a bill in equity which
they had commenced against said Chamberlain and Everett, to
be served upon them, by the terms of which they were severally
restrained and inhibited from proceeding any further in relation

to the application of said Everett to take the oath for the relief of poor debtors. In obedience to this injunction the examination of the debtor was at once discontinued, and no further order relative thereto, or to the proceedings in the case, was made by the magistrate. It was a necessary consequence of this cessation of all proceedings that the debtor was left at liberty, discharged from his imprisonment. By continuing in attendance until no further order was or could be made by the magistrate in the premises, he had fully performed the condition of his recognizance, because nothing further remained which it was possible for him to do in relation to it. By procuring and causing the service of the injunction, the plaintiffs were themselves the means of terminating the action of the magistrate, and this necessarily left their debtor relieved from custody on the writ by virtue of which he had been arrested.

It has been urged that when Mr. Chamberlain was thus prevented from proceeding further in the examination, it devolved as a duty upon the debtor to procure the attendance of another magistrate, by whom it should be continued and completed. But there is no provision to that effect in the statute, nor does it in any manner authorize another magistrate to interfere and assume jurisdiction of the legal proceedings in such a contingency. And therefore, as there was no other magistrate who had any right to come in and take upon himself the exercise of such jurisdiction, there was none to whom the debtor could apply, and thus the proceedings which he had instituted were necessarily brought to a close. It was by no action of his that this result was produced. He was only required to keep the condition of his recognizance ; and, having fully performed that, neither he nor his sureties are responsible for the consequences resulting from the action of the plaintiffs in the enforcement of the writ of injunction which they procured. What further remedy they may have in the collection of the amount due to them it is unnecessary now to consider.

*Judgment for the defendants.*

*H. C. Hutchins*, for the plaintiffs.
*E. Avery*, for the defendants.